## Case No. 820.

### In re BALMER.

### [3 Hughes, 637.] [1]

### District Court, E. D. Virginia. April, 1878.

BANKRUPTCY—APPLICATION FOR DISCHARGE—FORM OF CREDITOR'S CONSENT THERETO.

1. Creditors who have not proved their claims in bankruptcy until after the day fixed for showing cause against the bankrupt's discharge, cannot then make objection to the discharge upon any other ground than fraud distinctly and specifically charged.

2. A creditor may consent to the bankrupt's discharge by an attorney in fact, or by his counsel, stating in open court that the consent is given; and it seems that an assent to the discharge need not be "in writing," since the enactment of section nine of the amendatory bankruptcy act of June 22d, 1874, [18 Stat. 180,] amending section 5112 of the Revised Statutes of the United States.

In bankruptcy. This was an application for a discharge in bankruptcy on a certificate of conformity from the register. [Granted.]

The day for showing cause against the discharge was the 10th of December, 1877. The register states that:

On the day to show cause the only proof on file was that of Thomas Dunnill for a balance of $14,809.87, and the bankrupt produced a power of attorney, executed by Dunnill (now in Europe) some time before the bankruptcy, by virtue of which he claimed the right to consent to his own discharge. I thought the authority was insufficient, and so he has since procured and filed the necessary assent of that creditor (and of E. E. Taylor & Co., who have since proved their debt).

Since the day to show cause, the following proofs in opposition to the discharge have been filed:

| | |
|---|---:|
| J. F. Allen & Co | $ 60 57 |
| Turpin & Bro | 100 54 |
| Jackson, Turpin & Co | 252 42 |
| John T. Wadsworth | 1,045 00 |
| | $1,458 53 |

The assent to the discharge is given by the necessary number and amount of creditors, but was not filed until after the day to show

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

cause as shown above, February 28th, 1878.

The proofs of claims by the four creditors named by the register were filed on the 6th February, 1878. The register afterwards made a supplementary report, in which he stated:

On the day to show cause why the discharge of the bankrupt should not be granted, the only creditor who had then proved his claim, Thomas Dunnill, appeared by counsel and offered to assent to the discharge upon the power of attorney previously referred to. This I thought was insufficient, and so I told Mr. Coke, the attorney, if he would give the assent for his client, there being no other claim proved, that I would consider the assent to be given. The amount of Mr. Dunnill's claim being very large, Mr. Coke thought he had better get the assent of his client personally, and I think I suggested to him to send the necessary paper to Europe for that purpose, which he concluded to do. At that time I knew of no opposition to the discharge, and I had been under the impression that your honor had ruled that the assent could be given after the day named; in fact, the amendment of June 22d, 1874, left some doubt upon my mind in regard to this subject, and I had then determined to lay the matter before your honor at the earliest opportunity, which you will no doubt remember I did. I therefore left the case open for the assent of Mr. Dunnill, to be filed under the former practice in such cases, making no regular adjournment, nor fixing another day. March 9th, 1878.

The bankrupt's counsel states in his brief, that on the day for showing cause against the discharge, "a written consent, signed by Thomas Balmer, attorney in fact for the creditor Dunnill, was tendered to the register and rejected as insufficient, which consent in writing I insist was legal and valid." No objection in writing to the discharge, in conformity with general order in bankruptcy 24, was filed in the cause until the 15th March, 1878. The objection then filed was in the form of a petition by the creditor John T. Wadsworth, setting out that he had reason to believe that the bankrupt Balmer did not surrender all of his property to his assignee, to wit, that he did not surrender a certain piano-forte now in Balmer's use, nor certain jewelry owned by him. It prays that the bankrupt may be made by order of court to submit to an examination under oath touching this charge; and that pending such examination the bankrupt's present application for a discharge in bankruptcy may be stayed.

The following was the decision of the court:

HUGHES, District Judge. Two questions arise for determination:

1. Can creditors who have not proved their claims in bankruptcy until after the day fixed for showing cause against the discharge of the bankrupt, then make objec-

tion to the issuing of the discharge on any other ground than fraud specifically and distinctly charged? and if not

2. Whether the consent of the only creditor or creditors who have proved their claims at the day for showing cause against the discharge, as given in this case, is sufficient under section nine of the amended bankruptcy act of 22d June, 1874, amending what is now section 5112 of the Revised Statutes of the United States?

1. I think it is perfectly clear under general order 24 in bankruptcy that the objection to the discharge in this case was not made in time or in proper form; and that it therefore cannot be allowed by the court. There has been no "specification in writing of the grounds of opposition" to the discharge filed at all in this cause. The petition does not in terms make objection to the discharge. It simply asks that the bankrupt's application may be stayed to await the result of an examination of the bankrupt under oath. It does not charge fraud or any wilful intent to defraud on the part of the bankrupt. It merely sets forth the belief that a piano-forte and certain jewelry were not surrendered, and asks a stay of the application for discharge. But even if this paper were such a "specification of the grounds of opposition" to the discharge, as is contemplated by general order 24, it was not filed "within ten days after the day" on which the creditors were required to show cause against it. That day was the 10th December, 1877. If we consider that the whole time during which the register kept the matter open, waiting for a personal consent in writing to arrive from Dunnill, was in law but one day; yet, that paper having arrived on the 21st January, 1878, the objection was still too late, because of not having been filed within ten days after that day. And even if we consider that the matter was before the register until the date of his certificate of conformity, to wit, the 28th February, 1878, the objection was still not in time; for it was not filed until the 15th March, 1878. I think, therefore, that, as "a specification in writing of grounds of opposition" to the bankrupt's discharge, this paper is insufficient in form; and I also think that it was invalid as not in time, under order 24. It can have no effect as such a "specification," and the objecting creditor, Wadsworth, must resort to his remedy under section 5120, which allows a discharge, after it is granted, to be revoked within two years for fraud charged and proved against the bankrupt.

2. The consent which was given in this case, by the consenting creditor, Dunnill, seems to me to have been, under all the circumstances, sufficient. That creditor (who was the only one who had proved his claim) was in Europe. The bankrupt was his general attorney in fact here, still empowered to act for him, inasmuch as his bankruptcy

had not terminated that power. Story, Ag. § 486. That attorney either offered or tendered to the register for his principal, a consent to the discharge in writing. The register declined to receive Balmer's consent as attorney in fact for Dunnill, but held the matter open until a specific consent in writing, signed by Dunnill personally, could be obtained from Europe, which in due course of mail was received, and was filed on the 21st January, 1878. Even if the clause in section 5112, which requires the consent of creditors to be in writing, has not been repealed by the ninth section of the amended bankruptcy act of 22d June, 1874, [18 Stat. 180,] the consent in writing which was offered or tendered to the register was valid and sufficient. The refusal of the register to receive such a paper as the law requires to be "filed in the case" cannot affect the rights of the person whom the law requires to file it, if he tenders it, or offers to file it. See Bennett v. Hunter, 9 Wall, [76 U. S. 326.] The creditor, through his duly accredited attorney, did all that he could do.

But in addition to the action of the attorney in fact, we have also that of Mr. Dunnill's attorney at law. This creditor's counsel offered also before the register to assent to the discharge. This assent could, of course, only be given orally, and was given orally. It is not necessary in this case to decide whether a creditor's consent to a bankrupt's discharge must be in writing; but I will say that, inasmuch as section nine of the amending act of June, 1874, repeals in terms the essential provision of section 5112, I think it repeals along with it the requirement that the consent of creditors shall be in writing at least so far as to make a declaration in open court by the creditor that he consents a sufficient consent in the contemplation of the ninth section of the amended act. If the consent is given out of court, it must needs be in writing without doubt. But if it be given orally before the register, or in court before the judge, and is made to appear on the record by either the judge or the register, I deem such declaration of consent to be sufficient in contemplation of the amendatory section nine.

On the whole, I think the consent of Dunnill to Balmer's discharge in bankruptcy, as it appears on the face of the record before me, to be as complete as it could well be made, and that it is sufficient. The discharge may issue.